IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALBERT IAN SCHWEITZER, | ) | CIVIL 05-00065 LEK-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAI`I, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## ORDER TO SHOW CAUSE

On January 31, 2005, Petitioner Albert Ian Schweitzer ("Schweitzer") – who was proceeding pro se at the time – filed his original 28 U.S.C. § 2254 petition.[1]  [Dkt. no. 1.] Schweitzer filed his amended petition on March 9, 2005, and his second amended petition on May 20, 2005.  [Dkt. nos. 4, 12.] Respondents James Cook ("Cook") and John F. Peyton ("Peyton") filed their answer on August 15, 2005,[2] and, on November 14, 2005, Schweitzer filed a document that has been construed as his reply in support of his second amended petition.  [Dkt. nos. 21, 28.]  The second amended petition is a mixed petition, *i.e.* it

---

[1] Brook Hart, Esq., and William Harrison, Esq., later entered their appearances on behalf of Schweitzer. See Order Staying Petition, filed 3/13/06 (dkt. no. 37) at 1.

[2] Cook and Peyton were later replaced with Todd Thomas, Warden of Saguaro Correctional Center ("Thomas"), and Ted Sasaki, Director of Public Safety for the State of Hawai`i ("Sasaki"). [Respondent Update, filed 10/28/13 (dkt. no. 58).]  The State of Hawai`i ("the State") filed an Appearance of Counsel on October 30, 2013.  [Dkt. no. 59.]  This Court will refer to Thomas, Sasaki, and the State collectively as "Respondents."

contains both exhausted and unexhausted claims.  See Findings and Recommendation to Direct Petitioner to Inform the Court How He Shall Proceed, filed 5/3/05 (dkt. no. 10) ("5/3/05 F&R").[3]

At a March 1, 2006 status conference, Schweitzer's counsel orally requested a stay and abeyance of the second amended petition to allow Schweitzer to present his unexhausted claims in state court.  The magistrate judge granted the request at the status conference and issued the Order Staying Petition on March 13, 2006.  [Minutes, filed 3/1/06 (dkt. no. 34); Order Staying Petition at 1-2.]  The magistrate judge stayed Schweitzer's second amended petition and stated that it would hold the petition in abeyance "for thirty days following a decision by the Hawai`i Supreme Court on his claims."  [Order Staying Petition at 2.]  The magistrate judge gave Schweitzer until June 11, 2006 to present his unexhausted claims in the Hawai`i state courts pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure.  [Id. at 3.]

The order directed Schweitzer to notify the magistrate judge when the Hawai`i Supreme Court rendered a final decision on his Rule 40 petition, and the order stated that, barring any unforseen circumstances, the magistrate judge would lift the stay thirty days after the Hawai`i Supreme Court's decision.  The

---

[3] The district judge adopted the 5/3/05 F&R on June 16, 2005.  [Dkt. no. 13.]

Order Staying Petition cautioned Schweitzer that the failure to provide timely notification of the supreme court's decision may result in the dismissal of this case without prejudice. [Id.]

The parties subsequently stipulated to extend the deadline to file Schweitzer's Rule 40 petition to September 1, 2006, then to December 15, 2006, and then to May 15, 2007. [Stipulation and Order Staying Petition, filed 5/23/06 (dkt. no. 38); Second Stipulation and Order Staying Petition, filed 8/21/06 (dkt. no. 39); Third Stipulation and Order Staying Petition, filed 12/16/06 (dkt. no. 40).] The case was administratively closed on January 4, 2007. [Dkt. no. 42.]

Schweitzer has filed several status reports during the stay. [Dkt. nos. 45-50, 54, 63.] It appears from these reports that he never filed the anticipated Rule 40 petition.

In light of the fact that this case has been pending for more than ten years, and because it appears that Schweitzer has failed to comply with the order to present his unexhausted claims to the Hawai`i state courts, this Court HEREBY ORDERS SCHWEITZER TO SHOW GOOD CAUSE why this case should not be dismissed due to his failure to file a Rule 40 petition in a timely manner. See Rhines v. Weber, 544 U.S. 269, 277 (2005) ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in [the Antiterrorism and Effective

Death Penalty Act of 1996]. **A mixed petition should not be stayed indefinitely.**" (emphasis added)).

This Court ORDERS Schweitzer to file a statement explaining why this case should not be dismissed. Respondents may file an optional statement addressing this issue. Schweitzer's statement and the Respondents' optional statement must be filed by **July 1, 2016**, and each must be no more than five pages long.

Further, this Court ORDERS counsel for the parties to appear at a hearing regarding this Order to Show Cause on **August 1, 2016, at 9:45 a.m.**

This Court CAUTIONS Schweitzer that, if he fails to respond to this Order to Show Cause or if he fails to show good cause for his failure to file a timely Rule 40 petition, the Court will dismiss this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 4, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ALBERT IAN SCHWEITZER VS. STATE OF HAWAII, ET AL; CIVIL 05-00065 LEK-BMK; ORDER TO SHOW CAUSE**