IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALBERT IAN SCHWEITZER, | ) | CIVIL 05-00065 LEK-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAI`I, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER ASSESSING STATUS OF PETITIONER'S CLAIMS AND
DIRECTING PETITIONER TO EITHER DISMISS UNEXHAUSTED CLAIMS
OR FILE RULE 40 MOTION IN STATE COURT BY DECEMBER 30, 2016**

On January 31, 2005, pro se Petitioner Albert Ian Schweitzer ("Schweitzer") filed his Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). [Dkt. no. 1.] He filed his Amended Petition on March 9, 2005. [Dkt. no. 4.] On May 3, 2005, the magistrate judge issued the Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus ("Amended Petition F&R"). [Dkt. no. 10.[1]] The magistrate judge concluded that Schweitzer's Amended Petition was "a mixed petition containing both exhausted and unexhausted claims." [Amended Petition F&R at 12.] The magistrate judge directed Schweitzer to notify the court whether he would voluntarily delete the unexhausted claims and proceed on only the exhausted claims or voluntarily dismiss the unexhausted

---

[1] The district judge adopted the Amended Petition F&R on June 16, 2005. [Dkt. no. 13.]

claims and move for a stay of the Amended Petition until he fully exhausted the remaining claims.  [Id. at 17.]

In response to the Amended Petition F&R, Schweitzer filed his: "Notification of Court Regarding Findings & Recommendations to Dismiss Petition for Writ of Habeas Corpus"; and "Addenda to Petition w/Corrections."  [Dkt. nos. 11, 12.] This Court construes those two documents collectively as Schweitzer's Second Amended Petition.  To the extent that the Amended Petition alleged claims that Schweitzer does not allege in the Second Amended Petition, this Court CONSTRUES his failure to include such claims in the Second Amended Petition as a dismissal of those claims without prejudice.  See Notification of Court Regarding Findings & Recommendations to Dismiss Petition for Writ of Habeas Corpus, filed 5/20/05 (dkt. no. 11), at 1 ("I voluntarily delete the unexhausted claims in the Amended Petition and proceed ONLY with the exhausted claims." (some emphases omitted)); see also Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (en banc) (stating that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent" (citations and internal quotation marks omitted)). This Court acknowledges that Schweitzer may have dismissed those claims intending to seek leave to file a third amended petition to re-allege some or all of those claims after he has exhausted them in state court.  See Kelly v. Small, 315 F.3d 1063 (9th Cir.

2003), *overruled on other grounds as stated in*, Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  However, at the present time, those claims are not before this Court, and this Court makes no findings or conclusions regarding whether Schweitzer would be granted leave to amend to re-allege those claims after exhaustion.  See, e.g., Schoenlein v. Hawaii Dep't of Pub. Safety/Saguaro Corr. Facility, Civ. No. 12-00046 DAE-KSC, 2012 WL 4069290, at *6 n.6 (D. Hawai`i Aug. 16, 2012) (discussing possible difficulties with the Kelly procedure).[2]

        The operative pleading is Schweitzer's Second Amended Petition, and it alleges the only claims – *i.e.* grounds for relief – that are currently before this Court: 1) denial of his motion for change of venue ("Ground One"); 2) ineffective assistance of counsel based on inexperience, failure to interview witnesses prior to trial, and failure to conduct a proper investigation of the allegations, facts, and legal theories ("Ground Two"); 3) prosecutorial misconduct based on excessive use of leading questions and introduction of highly prejudicial evidence which denied him a fair trial ("Ground Three"); and 4) violation of his Sixth Amendment right to confront a key witness who had alleged confessed to being a part of the crime ("Ground Four").  [Addenda to Petition w/Corrections at 5-6.]

---

    [2] 2012 WL 4069290 is a report and recommendation that the district judge adopted on September 14, 2012.  2012 WL 4069242.

Ground One of Schweitzer's Amended Petition was based, in part, on his argument that the trial court should have granted a change of venue. The magistrate judge found that the change of venue claim was exhausted. [Amended Petition F&R at 10-11.] Ground Three of Schweitzer's Amended Petition was based, in part, on his argument that his Sixth Amendment right to confrontation was violated. The magistrate judge found that the Sixth Amendment claim was exhausted. [Id. at 11-12.] Because Schweitzer's Grounds One and Four in the Second Amended Petition repeat his change of venue claim and Sixth Amendment claim that he alleged in his Amended Petition, Grounds One and Four of the Second Amended Petition are exhausted.

The magistrate judge found that Schweitzer's claims in Grounds Two and Three of the Second Amended Petition are unexhausted. [Findings and Recommendation to Direct Petitioner to Inform the Court How He Shall Proceed ("Second Amended Petition F&R"), filed 12/1/05 (dkt. no. 29), at 13-14.[3]] Thus, Schweitzer's Second Amended Petition is a mixed petition. The magistrate judge stayed the Second Amended Petition to allow Schweitzer to present his unexhausted claims to the Hawai`i state court pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure. The Order Staying Petition gave Schweitzer ninety

---

[3] By the time the magistrate judge issued the Order Staying Petition on March 13, 2006, [dkt. no. 37,] the district judge had not acted upon the Second Amended Petition F&R.

days – *i.e.*, until June 11, 2006 – to file his Rule 40 motion. [Order Staying Petition at 3.]

Over ten years have passed since then, and Schweitzer still has not filed his Rule 40 motion. The United States Supreme Court has clearly stated that, "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in [the Antiterrorism and Effective Death Penalty Act of 1996]. **A mixed petition should not be stayed indefinitely.**" Rhines v. Weber, 544 U.S. 269, 277 (2005) (emphasis added). This Court therefore ORDERS Schweitzer that, **by December 30, 2016**, he must either: 1) voluntarily dismiss his unexhausted claims in the Second Amended Petition; or 2) file a Rule 40 motion presenting his unexhausted claims to the Hawai`i state courts.

If Schweitzer voluntarily dismisses the unexhausted claims in the Second Amended Petition, this Court will lift the stay, and the case will proceed on the exhausted claims in the Second Amended Petition. If Schweitzer files a Rule 40 motion in state court, this Court ORDERS him to file a copy of the motion in the instant case so that this Court can review the claims that he presents in the Rule 40 motion. Schweitzer must file a copy of the Rule 40 motion in this case within **seven days after filing the Rule 40 motion in state court**. After reviewing Schweitzer's Rule 40 motion, this Court will determine whether it is

appropriate to allow the stay in the instant case to continue. This Court EMPHASIZES that the filing of a Rule 40 motion alone will not automatically continue the stay in the instant case.

This Court CAUTIONS Schweitzer that, if he fails to either dismiss his unexhausted claims or file a Rule 40 motion by **December 30, 2016**, this Court will lift the stay and will dismiss the mixed Second Amended Petition without prejudice. See Rhines, 544 U.S. at 273 ("federal district courts may not adjudicate mixed petitions for habeas corpus"); id. ("we imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance"). Although Rhines allows district courts to utilize the stay and abeyance procedure for mixed petitions, the Supreme Court stated that the procedure "should be available only in limited circumstances," and cautioned that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78. Schweitzer had more than a reasonable amount of time to exhaust his claims. Therefore, if Schweitzer fails to either dismiss his unexhausted claims or file a Rule 40 motion by **December 30, 2016**, this Court will dismiss the Second Amended Petition without prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 24, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ALBERT IAN SCHWEITZER VS. STATE OF HAWAI`I, ET AL.; CIVIL 05-00065 LEK-KJM; ORDER ASSESSING STATUS OF PETITIONER'S CLAIMS AND DIRECTING PETITIONER TO EITHER DISMISS UNEXHAUSTED CLAIMS OR FILE A RULE 40 MOTION IN STATE COURT BY DECEMBER 30, 2016**